**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EDUARDO ISIDRO ALVARADO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-393-KC** |
| | § | |
| **KRISTI NOEM et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Respondents' Advisory and Motion for Reconsideration ("Motion"), ECF No. 8.  On February 18, 2026, the Court granted in part Eduardo Isidro Alvarado's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an immigration judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision.  Feb. 18, 2026, Order 6, ECF No. 6.  Respondents were required to do so by February 25.  *Id.*

Instead, Respondents filed the Motion, arguing that the Court should reconsider its February 18, 2026, Order because, "Respondents [subsequently] discovered [that] Petitioner is subject to a final order of removal entered on September 2, 2010."  *Id.* at 1.  Isidro Alvarado filed an initial Response, ECF No. 9, and at the direction of the Court, a Supplemental Response, ECF No. 11, to the Motion.  *See* Feb. 26, 2026, Order, ECF No. 10.  The Court then ordered Respondents to file a Supplemental Brief, ECF No. 14.  *See* Mar. 6, 2026, Order, ECF No. 13.  Based on the parties' briefing, the Court concluded that there was a fact issue because

"Respondents claim that Isidro Alvarado was previously removed, under a fictitious name, to Guatemala via plane, and that his 2010 removal order has been reinstated" but Isidro Alvarado "claims that he was granted voluntary departure in 2010, not issued a removal order, he has never been deported from the country at an airport, and he has never used any alias." Mar. 17, 2026, Order 3, ECF No. 15. The Court thus set a hearing for April 20, 2026. *Id.*

Isidro Alvarado now informs the Court that "[he] no longer disputes that he was the person subject to the 2010 Removal [Order] and thus a hearing is no longer necessary." Reply 2, ECF No. 16. Accordingly, the Court cancels the April 20, 2026, hearing, and considers Respondents' Motion.

Respondents argue that the Court should reconsider its February 18, 2026, Order because Isidro Alvarado is "lawfully detained with a final order of removal" under 8 U.S.C. § 1231(a), he has been detained for less than six months, and "there is insufficient reason to believe that removal is unlikely in the reasonably foreseeable future." Mot. 1. (citations omitted). Thus, Respondents argue that the Court should vacate it February 18, 2026, Order and deny the Petition. *Id.* at 1–2.

Under Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). But a Rule 59(e) motion is not a vehicle to "rehash[] legal theories, or arguments that could have been offered or raised before the entry of judgment." *Perot v. Sec'y of Health & Hum. Servs.*, No. 06-cv-1153, 2007 WL 446039, at *1 (S.D. Tex. Feb. 7, 2007) (quoting *Templet*, 367 F.3d at 478). Its purpose is narrow—limited to correcting

manifest errors of law or presenting newly discovered evidence. *Templet*, 367 F.3d at 478 (citation omitted). The Fifth Circuit "has identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Id.* at 479 (citation omitted).

Isidro Alvarado argues that reconsideration is not warranted because Respondents "failed to [do] their due diligence to discover the order for removal" and that "[t]hey have now forfeited the argument." Resp. 2. Respondents do not explain why they were unable to locate the removal order before this Court adjudicated the Petition. *See generally* Mot. However, Respondents were given just one week to investigate the facts of Isidro Alvarado's case and file a response stating their position. *See* Show Cause Order 2, ECF No. 3. That is little time to discover the removal order, considering that it is over fifteen years old and was issued to an alias previously used by Isidro Alvarado. Accordingly, the Court finds that Respondents acted diligently in identifying the 2010 removal order and notifying the Court of this newly discovered evidence.

As to the substantive effect of the 2010 removal order, the Court's February 18, 2026, Order found that Isidro Alvarado's detention without an individualized determination as to his dangerousness and flight risk while his removal proceedings were pending amounted to a procedural due process violation under *Mathews v. Eldridge*. *See* Feb. 18, 2026, Order 4–5. However, Isidro Alvarado's removal proceedings are not pending, rather, he is subject to a final order of removal and, thus, post-removal-order detention under 8 U.S.C. § 1231(a). The Supreme Court has held that six months of post-removal-order detention is presumptively reasonable to effectuate that person's removal from the country. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the

reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.* Here, Isidro Alvarado has been detained since January 20, 2026. Pet. ¶ 16. Thus, because Isidro Alvarado is subject to post-removal-order detention and he has only been detained for approximately two months, he is not entitled to the relief ordered by the Court in its February 18, 2026, Order. However, dismissal of the Petition at this stage is not warranted either, as Isidro Alvarado's detention may become unconstitutionally prolonged under *Zadvydas*.

Accordingly, the Court **ORDERS** that Respondents' Motion, ECF No. 8, is **GRANTED in part**. The Court's February 18, 2026, Order, ECF No. 6, is **VACATED**.

**IT IS FURTHER ORDERED** that the Court's Order preventing Isidro Alvarado's removal, deportation, or transfer is **VACATED**. *See* Show Cause Order 2.

**IT IS FURTHER ORDERED** that the April 20, 2026, hearing is **CANCELED**.

**IT IS FURTHER ORDERED** that Respondents shall **FILE** a status report **by no later than June 20, 2026**, detailing the following:

(1) Whether Isidro Alvarado has been removed to Guatemala;

(2) If Isidro Alvarado has not been removed to Guatemala, what concrete steps have been taken to effectuate Isidro Alvarado's removal;

(3) What obstacles exist to effectuating Isidro Alvarado's removal, such as issuance of travel documents;

(4) What concrete steps have been taken to address the existing obstacles; and

(5) The anticipated timeline for Isidro Alvarado's removal from the United States.

**SO ORDERED**.

**SIGNED this 27th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE